**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )  Index No.: 07-CIV-6438 (WCC)
 )
      Plaintiffs, )  AFFIDAVIT FOR JUDGMENT
 )    BY DEFAULT
 -against- )
 )
R.E. ROSSI PAINTING & RESTORATION, LTD., )
 )
      Defendant. )

-------------------------------------------------------------------------

STATE OF NEW YORK   )
        ) ss.:
COUNTY OF WESTCHESTER )

  Dana L. Henke, being duly sworn, deposes and says:

  1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC as attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

  2. Plaintiff Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

  3. Defendant R.E. Rossi Painting & Restoration, Ltd. (hereinafter referred to as Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185

  4. This is an action brought by the Funds to require the Employer to permit and cooperate in the conduct of an Audit pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the International Union of Painters and Allied Trades and the Employer.

  5. The Employer as party to the C.B.A. is required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employers books and records for the purpose

of ascertaining the amount of fringe benefits contributions due the Funds and Union and verifying the accuracy of the Employer reports..

6. Jurisdiction of the subject matter of this action is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

7. This action was commenced on July 16, 2007 by the filing of a summons and complaint. The summons and complaint was served upon the Employer on July 25, 2007 via Secretary of State.

8. The Proof of Service was filed with the Clerk of this Honorable Court on August 2, 2007. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

9. The defendant has not filed or served an Answer, a Motion or otherwise responded to plaintiffs' summons and complaint.

10. The defendant refused and failed to allow the auditors to conduct a payroll audit for the period July 1, 2004 through to and including March 31, 2007 and is liable for any delinquency contributions together with interest on the unpaid principal, liquidated damages, attorneys' fees, auditors' fees and costs and disbursements incurred in the action pursuant to the terms of the C.B.A. and in accordance with section 502 of Erisa 29 U.S.C. Section 1132.

11. As a result of defendant's default, plaintiffs are entitled to damages as follows:

a) An order for an Audit to be conducted at the defendant's office of the defendant's payroll books and records (including but not limited to payroll taxes, payroll earnings, records, stamp receipts, cash disbursement, tax forms, journals) for the period July 1, 2004 through to and including March 31, 2007.

b) Judgment for any unpaid amounts found due and owing pursuant to the audit including interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements.

c) The sum of $2,930.00 for bringing this action to enforce the audit, which includes $2,500.00 in attorneys' fees, and $430.00 in court costs and disbursements.

d) For such other and further relief as the Court deems appropriate.

**WHEREFORE,** plaintiffs' request the entry of Default and the entry of the annexed Judgment against defendant in the amount of $2,930.00 and an order for an audit of defendants' payroll books and records for the period July 1, 2004 through to and including March 31, 2007 and entry of damages for

any amounts found due and owing pursuant the audit including interest, liquidated damages and auditors' fees.

Dated:  Elmsford, New York
       September 4, 2007

                                            *Dana L Henke*

Dana L. Henke (DLH 3025)
BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
4th day of September, 2007

_____
     Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010